FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JUN 2 7 2006

LUTHER D. THOMAS, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEVERN JOYNER, INMATE NO. 1153844, Plaintiff, | : : : : | CIVIL RIGHTS COMPLAINT 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:06-CV-1401-TWT |
| STEPHEN UPTON and THURBERT BAKER, Defendants. | : : : : | |

## ORDER AND OPINION

Plaintiff has submitted the instant <u>pro se</u> civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I. <u>The Standard of Review</u>

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). A complaint

may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

2

II. Discussion

According to Plaintiff, on January 9, 2004, he was convicted of armed robbery, giving a false name, and obstruction of law enforcement in the Superior Court of Gwinnett County. (Doc. 1 at ¶ IV). On March 7, 2006, the Georgia Court of Appeals affirmed Plaintiff's convictions and sentences. Joyner v. State, 628 S.E.2d 186 (Ga. Ct. App. 2006). Plaintiff was apparently informed of the appellate court's decision on March 12, 2006. (Doc. 1 at ¶ IV).

Plaintiff alleges that he is not guilty of armed robbery. (Id.). In support of this claim, Plaintiff alleges twenty-eight (28) grounds for relief. (Id.).

Plaintiff currently has a 28 U.S.C. § 2254 application for a writ of habeas corpus pending in this Court. See Joyner v. Upton, Civil Action No. 1:06-CV-1071-TWT. In this action, Plaintiff seeks money damages against the State of Georgia for malicious prosecution, and he names Thurbert Baker, the Attorney General of the State of Georgia, and Stephen Upton, the Warden of the Hays State Prison, as Defendants acting on behalf of the State of Georgia. (Doc. 1 at ¶¶ IV-V).

The Supreme Court has held that a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive

3

AO 72A
(Rev.8/82)

order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 before he can recover damages in a civil rights action for malicious prosecution. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). As Plaintiff's convictions have not been reversed, any claim of malicious prosecution is premature.

However, even if Plaintiff's convictions had been reversed, he has not alleged facts which, if proven, would entitle him to damages for malicious prosecution. Among the several factors required to establish a claim of malicious prosecution, a plaintiff must show that the defendant "instituted or continued" the criminal prosecution "with malice and without probable cause." Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003). None of Plaintiff's grounds for relief indicate that either Defendant acted with malice against him.

Additionally, "[a] state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable. . . ." Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir. 1995). Plaintiff makes clear that he is seeking money damages against the State of Georgia. Thus, even if Plaintiff had alleged facts which would

4

support a claim of malicious prosecution, he is not entitled to recover money damages against these Defendants.

For all of the above reasons, this Court finds that Plaintiff has not stated a claim for which relief may be granted. Accordingly, this action should be dismissed as frivolous.

III. Conclusion

**IT IS ORDERED** that the instant civil rights complaint [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 27 day of June, 2006.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)